CANADY, J.,
dissenting.
Because I would conclude that a public records custodian has not “unlawfully refused” to comply with the Public Records Act where the custodian has acted in accordance with the statutory duty of- good faith, I dissent. ■ I would quash the decision on review, disapprove Gonzalez, and approve the conflicting decisions in Alt-house, Greater Orlando, and Knight Rid-der.
Contrary to the reasoning of the majority, section 119.12, the provision of the Public Records Act imposing liability for attorney’s fees on custodians of public records, cannot reasonably be read in isolation from section 119.07(l)(c), the statutory provision that establishes the duty of custodians of public records to respond “in good faith” to requests‘to inspect or copy records. The majority’s reading of the statute uncouples the attorney’s fee remedy for a breach of > duty by a custodian of public records from the statutory definition of that duty.
The Legislature could, of course, uncouple the remedy from the duty and impose strict liability for attorney’s fees. But the language of section 119.12 neither suggests such an uncoupling nor supports the imposition of strict liability. The majority reads the phrase “unlawfully refused” in section 119.12 as equivalent to “unlawfully failed.” Majority op. at' 126. The meaning of “refused” and “failed,” however, are riot identical. Not every failure to comply constitutes á refusal to comply. Refuse means “to show or express a positive unwillingness to do or comply with.” Webster’s Third New International Dictionary at 1910 (1993). A refusal to comply thus carries with it “a positive unwillingness” to comply that is not present with every failure to comply. Which brings us back to the duty on which the attorney’s fee provision is predicated: the duty to respond to public records requests “in.good faith.” Where the custodian of public records has acted in good faith, the custodian has not manifested “a positive unwillingness” to comply with the Public Records Act. In such circumstances,, an unlawful refusal to comply with the law has not occurred and *131 the attorney’s fee provision is not applicable.
POLSTON, J., concurs.